25CA1745 Fawcett v Lopez 08-06-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA1745
Arapahoe County District Court No. 25CV100
Honorable Joseph Whitfield, Judge

Mary Emma Fawcett,

Plaintiff-Appellant,

v.

Valencia Lopez,

Defendant-Appellee.

JUDGMENT AFFIRMED

Division IV
Opinion by JUDGE LUM
Welling and Schock, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced August 6, 2026

Mary Emma Fawcett, Pro Se

No Appearance for Defendant-Appellee

¶ 1     Plaintiff, Mary Emma Fawcett, appeals the district court's judgment dismissing her complaint against defendant, Valencia Lopez. We affirm.

## I.     Background

¶ 2     During divorce proceedings between Fawcett and her former spouse, the trial court restricted Fawcett's parenting time with the couple's minor child because it found that contact with Fawcett put the child in "imminent emotional danger." After the court ordered the restriction, Fawcett contacted the Arapahoe County Department of Human Services (ACDHS) and reported that the child had been abused at her former spouse's residence. Lopez, a caseworker with the Child Protective Services unit of ACDHS, investigated the allegations and determined that they were unfounded. Fawcett then filed the underlying case against Lopez, asserting that Lopez

- defamed Fawcett;

- placed the minor child in an unsafe situation;

- reached incorrect conclusions based on review of a "medical report"; and

- abused the ACDHS's processes and judicial processes.

¶ 3     Lopez moved to dismiss the complaint under Rule 12(b)(1) and Rule 12(b)(5) of the Colorado Rules of Civil Procedure.  The district court dismissed the complaint, concluding that it lacked subject matter jurisdiction because (1) the Colorado Governmental Immunity Act (CGIA), §§ 24-10-101 to -120, C.R.S. 2025, bars Fawcett's claims against Lopez; and (2) Fawcett failed to file a notice of claim with ACDHS as required by the CGIA.  The court separately concluded that Fawcett made insufficient factual allegations to support her claims for relief.

## II.     Applicable Law

¶ 4     When a district court dismisses a claim on multiple independent grounds, the aggrieved party must establish that each of the grounds for dismissal was legally erroneous to obtain relief on appeal.  *Foxley v. Foxley*, 939 P.2d 455, 459 (Colo. App. 1996) ("Failure to challenge any one of those grounds on appeal in effect requires that we accept [the] ruling as the law of the case.").

¶ 5     Because Fawcett filed this appeal without the assistance of counsel, we construe her briefs broadly to ensure that she is not denied review of important issues because of her inability to articulate her arguments like a lawyer.  *Jones v. Williams*, 2019 CO

61, ¶ 5.  But it is not our role to rewrite her briefs or to act as her advocate.  *Johnson v. McGrath*, 2024 COA 5, ¶ 10.

¶ 6      In general, the CGIA bars any claim (1) against a public employee; (2) for injuries caused by the employee's acts or omissions during the performance of their duties; (3) that lies in tort or could lie in tort.  § 24-10-118(1), C.R.S. 2025.  However, the CGIA doesn't bar such a claim if the employee's act or omission was willful and wanton.[1]  *Id.*  A public employee's actions are willful and wanton when the employee is "consciously aware that their acts or omissions create danger or risk to the safety of others, and they then act, or fail to act, without regard to the danger or risk."  *L.J. v. Carricato*, 2018 COA 3, ¶ 33 (citation omitted).

¶ 7      Any person who claims that a public employee injured them while the employee was performing their duties must file a written notice within 182 days after the date of discovery of the injury.  § 24-10-109(1), C.R.S. 2025.  Because Lopez is an employee of ACDHS, the notice was required to be filed with ACDHS's

---

[1] The CGIA contains other exceptions to the general bar that aren't relevant here.  *See, e.g.*, § 24-10-106(1), C.R.S. 2025.

"governing body."[2]  § 24-10-109(3)(a).  Filing the notice within the 182-day period is a jurisdictional prerequisite to a court action against the public employee, which means that the court cannot hear the case if the notice isn't filed.  § 24-10-109(1).

### III.  Analysis

¶ 8      Fawcett argues that the district court erred by dismissing her case without a hearing because (1) the dismissal constituted an "unconstitutional interference" with her parental rights; (2) the dismissal violated her due process rights; (3) the district court didn't accept her factual allegations as true; (4) by not permitting Fawcett to present "evidence of new and ongoing signs of abuse," the district court "failed in its . . . obligation to protect [the] minor child"; and (5) the dismissal demonstrated bias against a self-represented litigant.

¶ 9      Even construing these arguments liberally, none of them challenge the district court's conclusion that it lacked subject

---

[2] Lopez is a "public employee" because she is employed by ACDHS, which is a "public entity."  *See* § 24-10-103(4)(a), C.R.S. 2025 (a "public employee" includes any officer or employee of a public entity); § 24-10-103(5) (a "public entity" includes any "agency" or "instrumentality" of a county).

matter jurisdiction over Fawcett's claims under the CGIA because (1) her claims arose in tort and (2) she failed to provide ACDHS with the required statutory notice. Therefore, we must conclude that the district court correctly dismissed her case for these reasons. *See IBC Denv. II, LLC v. City of Wheat Ridge*, 183 P.3d 714, 717-18 (Colo. App. 2008).

¶ 10 Because the district court lacked jurisdiction to hear Fawcett's case, it was required to dismiss it, so we must necessarily reject Fawcett's first two arguments and need not address her second two. *See In re Mendy Brockman Disability Tr.*, 2022 COA 75, ¶ 11 ("When a court concludes that it lacks subject matter jurisdiction, the court must dismiss the case for lack of jurisdiction."). We will, however, address Fawcett's argument that the district court was biased against her because "[a] trial judge must be free of any bias, prejudice, or interest directed toward any party." *People v. Acosta*, 2014 COA 82, ¶ 92 (citation omitted). We review claims of judicial bias de novo. *See Sanders v. People*, 2024 CO 33, ¶ 25. We will only question the result of a proceeding if the judge was actually biased. *People v. Garcia*, 2024 CO 41M, ¶ 21.

¶ 11     We are unpersuaded by Fawcett's bias argument.  Her assertion of bias appears to be premised on the court's ruling dismissing her case without a hearing.  But as discussed above, the court correctly dismissed Fawcett's case based on a jurisdictional defect apparent on the face of the complaint that couldn't be remedied by a hearing.  And in any event, adverse rulings, without more, don't establish bias.  *In re Marriage of Dean*, 2017 COA 51, ¶ 24.  Further, the record contains no indication of partiality or the appearance of partiality, and the court's order reveals that it made significant efforts to construe Fawcett's arguments liberally given her self-represented status.  *See Jones*, ¶ 5; *see also People in Interest of A.P.*, 2022 CO 24, ¶ 30 ("The record must clearly demonstrate the alleged bias.  Bare assertions and speculative statements are insufficient to satisfy the burden of proof." (citation omitted)).

## IV.   Disposition

¶ 12     The judgment is affirmed.

JUDGE WELLING and JUDGE SCHOCK concur.

6